MARGARET MEADE *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.    November 20, 1903. — March 31, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Negligence,* In subway station.    *Street Railway.*

In an action against a street railway company for personal injuries, it appeared, that the plaintiff had entered an open car of the defendant at a station of the subway in Boston when seeing her daughter, ten years of age, unable to get a seat on the car, the plaintiff got upon the running board for the purpose of alighting, and, when she had one foot upon the station platform, the starter, who could have seen her if he had looked, blew his whistle, and the car started and threw the plaintiff down, causing the injuries. The plaintiff testified that while she was getting out she looked at the starter all the time. *Held,* that there was evidence of the plaintiff's due care and of the defendant's negligence.

TORT for personal injuries sustained when alighting from a car of the defendant in the Park Street station of the subway in Boston.    Writ dated July 3, 1899.

In the Superior Court the case was tried before *Bond,* J., who refused to order a verdict for the defendant.    The jury returned a verdict for the plaintiff in the sum of $800; and the defendant alleged exceptions.

The accident occurred on June 22, 1899, at about seven o'clock P. M.    The plaintiff's daughter mentioned in the opinion was about ten years of age at the time of the accident.    The plaintiff testified, that the starter blew his whistle when she was upon the running board of the car with one foot upon the station platform, and that the car then started and threw her down.

*W. B. Farr,* for the defendant.

*F. P. Garland,* for the plaintiff.

MORTON, J.    This is an action of tort to recover damages for personal injuries sustained by the plaintiff while alighting from an open car of the defendant company at the Park Street station in the subway, Boston.    At the close of the evidence the defendant asked the judge to rule that upon all the evidence the plaintiff was not entitled to recover.    The judge refused so to rule and submitted the case to the jury who returned a verdict for the

plaintiff. The case is here on the defendant's exceptions to the refusal of the judge to give the ruling thus asked for.

We think that the ruling was right. There was evidence tending to show that the plaintiff with two ladies and three children took a car of the defendant company at Arlington to go to Charlestown. On arriving at the Park Street station of the subway they alighted from the Arlington car and crossed the platform to take the Charlestown car. When that car came along the plaintiff got on to it about the middle. Her daughter went to get into the seat in front, but, finding it full, turned back to go into the seat where the plaintiff was, and the starter pulled her back. Thereupon the plaintiff attempted to get off the car and got as far as the running board when the car started, and threw her down causing the injuries complained of. There was testimony tending to show that the car was not in motion and that no signal had been given to start it when the plaintiff attempted to get off. It could not be said, therefore, as matter of law, that she was not in the exercise of due care in attempting to get off as she did. It was the duty of the starter to see that passengers attempting to alight had safely done so before he gave the signal to start the car. There was testimony tending to show that he gave the signal before she had alighted, and that he could have seen her if he had looked. The plaintiff testified that she looked at him all the time while she was getting out. We do not see, therefore, how it could have been ruled as matter of law that there was no evidence of negligence on the part of the defendant.

The question whether the accident happened as the plaintiff and her witnesses testified that it did, or as the defendant and its witnesses testified that it did, was plainly a question for the jury.

*Exceptions overruled.*